IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Lukas Henderson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Union Pacific Railway Company, )<br>a Delaware corporation, )<br>)<br>and )<br>)<br>Professional Transportation, Inc., )<br>)<br>and )<br>)<br>Covenant Transportation )<br>Group, Inc., d/b/a Covenant )<br>Transport, Inc., )<br>)<br>Defendants. ) | Case No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Lukas Henderson, and for his claims and causes of action against the Defendant Union Pacific Railway Company (hereinafter "UP"), Defendant Professional Transportation, Inc. (hereinafter "PTI") and Defendant Covenant Transportation Group, Inc. (hereinafter "Covenant") states and alleges as follows:

**Preliminary Statement**

1. This is an action to recover damages for injuries suffered by Plaintiff on June 17, 2018, while employed by UP, and while being transported in a van operated by PTI. On the day in question, the van operated by PTI struck an overturned semi-trailer operated by Covenant. Plaintiff's claims against UP are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. Plaintiff's claims against PTI and Covenant are brought under Wisconsin law.

**Parties**

2. That at all times material herein, Plaintiff was a resident and citizen of Woodbury, Minnesota, and was employed by UP as a conductor engaged in interstate commerce.

3. That at all times material herein, UP was a corporation duly organized and existing under the law of the State of Delaware, and was duly licensed and empowered to operate a system of railroads as a common carrier of freight for hire in and through the State of Wisconsin, and is engaged as a common carrier in interstate commerce.

4. That at all times material herein, PTI was a corporation duly organized and existing under the laws of the State of Wisconsin, was a common carrier for hire, was duly licensed to transport people for hire, and agreed to perform operational activities for UP to transport its employees within and through the State of Wisconsin.

5. That at all times material herein. Covenant was a Tennessee corporation, registered with the U.S. Department of Transportation (U.S. DOT No.: 273818), and was engaged as a common carrier in interstate commerce, including the State of Wisconsin.

**Jurisdiction and Venue**

6. That the Court has subject matter jurisdiction over UP pursuant to 28 U.S.C. § 1331 (federal question).

7. This Court has subject matter jurisdiction over PTI and Covenant pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

8. This Court has personal jurisdiction over the three Defendants since the incident giving rise to Plaintiff's claims occurred within the State of Wisconsin, and the three Defendants purposefully availed themselves of the privilege of conducting activities in the State of Wisconsin, and have maintained minimum contacts sufficient to confer jurisdiction over them.

9. Venue to bring Plaintiff's FELA claims against UP is proper under 45 U.S.C. § 56 (allows lawsuit to be brought in district court where the incident occurred).

10. Venue to bring Plaintiff's claims against PTI and Covenant is proper under 28 U.S.C. § 1391(b)(2) (allows lawsuit to be brought in district court where a substantial part of the events giving rise to the claim occurred).

11. Plaintiff's FELA claims against UP are timely commenced pursuant to 45 U.S.C. § 56.

12. Plaintiff's claims against PTI and Covenant are timely commenced pursuant to Wis. Stat. § 893.54(1m)(a).

**Facts**

13. That on or about June 17, 2018, Plaintiff was in the course and scope of his employment with UP working as a conductor in Adams, Wisconsin.

14. That UP and PTI had an agreement whereby PTI engaged in UP's operational activities of transporting its employees, making PTI UP's agent under the FELA.

15. That on the day in question at about 3:00 a.m., Covenant's semitruck and PTI's van traveled west on Interstate 94. At about milepost 99.75, the Covenant semitruck drifted into the median with its left tires, and then swerved to the right crossing both west-bound lanes. When the Covenant semitruck swerved, it overturned, slid, and came to rest blocking both west-bound lanes.

16. That after the Covenant semitruck blocked the two west-bound lanes, the PTI van traveling west on Interstate 94 in the right lane switched into the left or passing lane to go around another vehicle that was slowing to avoid the Covenant semitruck, and the PTI van struck the overturned semitruck.

17. That as a result of the collision, Plaintiff was injured, has suffered severe mental and physical injuries; has suffered permanent injury and disability; has suffered pain in the past

and will suffer pain in the future; has incurred expenses for medical attention and hospitalization, and will incur further like expenses in the future; has suffered loss of earnings and loss of future earning capacity; and has suffered loss of his enjoyment of living, all to his injury and damage.

## CLAIMS FOR RELIEF

### Count One – Defendant Union Pacific Railway Company

Plaintiff realleges paragraphs 1 through 17 as though set forth at length and in detail herein.

18. That the injuries and damages sustained by Plaintiff were caused, in whole or in part, by the negligence of UP, its agents, employees and officers in violation of 45 U.S.C. §§ 51-60 in one or more of the particulars alleged herein:

   a. Failing to provide Plaintiff with a reasonably safe place to work;

   b. Failing to properly hire, train, and supervise PTI's drivers;

   c. Failing to exercise reasonable care while operating the van transporting Plaintiff, including but not limited to keeping a proper lookout, keeping proper control of vehicle, and following the rules of the road;

   d. Failing to follow UP's rules and procedures with respect to operating motor vehicles;

   e. Failing to enforce UP's rules and procedures with respect to operating motor vehicles;

   f. Failing to adopt reasonably rules and procedures with respect to operating motor vehicles;

   g. Failing to follow and abide by Wisconsin Statutes related to operating motor vehicles including:

      i. Wis. Stat § 346.14 (1m): The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway;

      ii. Wis. Stat § 346.57 (2): No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care;

      iii. Wis. Stat § 346.57(3) The operator of every vehicle shall, consistent with the requirements of sub. (2), drive at an appropriate reduced speed when special hazard exists with regard to other traffic or by reason of weather or highway conditions; and

   h. Other acts of negligence as may be determined by discovery and the evidence.

19. That UP is vicariously liable and responsible for the negligent acts of PTI and its employees, because PTI was acting as UP's agent when it performed operational activities for UP.

20. That as a result of the negligence of UP, its agents, employees and officers, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further likes expenses in the future; has suffered loss of earnings and loss of earning capacity; has suffered loss of his enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

### **Count Two – Defendant PTI**

Plaintiff realleges paragraphs 1 through 20 as though set forth at length and in detail herein.

21. That the negligence of PTI, its drivers, employees and agents was a substantial factor in causing Plaintiff's injuries and drivers in one or more of the particulars alleged herein:

   a. Failing to properly hire, train, and supervise its drivers;

   b. Failing to exercise reasonable care while operating the van transporting Plaintiff, including but not limited to keeping a proper lookout, keeping proper control of vehicle, and following the rules of the road;

    c. Failing to follow its rules and procedures with respect to operating motor vehicles;

    d. Failing to enforce its rules and procedures with respect to operating motor vehicles;

    e. Failing to adopt reasonably rules and procedures with respect to operating motor vehicles; and

    f. Other acts of negligence as may be determined by discovery and the evidence.

22. That PTI is liable for the negligence of its driver who failed to be alert to the existing hazards and reduced his speed to avoid a collision, and was therefore in violation of the following Wisconsin Statutes:

    a. Wis. Stat § 346.14 (1m): The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway;

    b. Wis. Stat § 346.57 (2): No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. The speed of a vehicle shall be so controlled as may be necessary to avoid colliding with any object, person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and using due care;

    c. Wis. Stat § 346.57(3): The operator of every vehicle shall, consistent with the requirements of sub. (2), drive at an appropriate reduced speed when special hazard exists with regard to other traffic or by reason of weather or highway conditions; and

    d. Other statutory violations and acts of negligence as may be determined by the evidence.

23. That PTI's drivers, employees and agents violation of the above above-stated Wisconsin laws, among other laws, and constitutes negligence per se.

24. That at all times material hereto, PTI's driver was its agent or employee and acting within the scope of his employment or agency.

25. That PTI is vicariously liable and responsible for the acts of its drivers, employees and agents, who operated the van in question in a negligent and reckless manner while in the

scope of his employment or agency; and, as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical treatment, and will incur further likes expenses in the future; has suffered loss of earnings and loss of earning capacity; has suffered loss of his enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

### **Count Three – Defendant Covenant**

Plaintiff realleges paragraphs 1 through 25 as though set forth at length and in detail herein.

26. That the negligence of Coveant, its drivers, employees and agents was a substantial factor in causing Plaintiff's injuries and drivers in one or more of the particulars alleged herein:

    a. Failing to properly hire, train, and supervise its drivers;

    b. Failing to exercise reasonable care while operating the semitruck, including but not limited to keeping a proper lookout, keeping proper control of vehicle, operating the semitruck at a safe speed, and following the rules of the road;

    c. Failing to follow its rules and procedures with respect to operating motor vehicles;

    d. Failing to enforce its rules and procedures with respect to operating motor vehicles;

    e. Failing to adopt reasonably rules and procedures with respect to operating motor vehicles; and

    f. Other acts of negligence as may be determined by discovery and the evidence.

27. That at all times material hereto, Covenant's driver was its agent or employee and acting within the scope of his employment or agency.

28. That Covenant is vicariously liable and responsible for the acts of its drivers, employees and agents, who operated the semitruck in question in a negligent and reckless manner while in the scope of his employment or agency; and, as a result, Plaintiff was injured, suffered pain in the past and will suffer pain in the future; has incurred expenses for medical

treatment, and will incur further likes expenses in the future; has suffered loss of earnings and loss of earning capacity; has suffered loss of his enjoyment of life; and has suffered permanent injury and disability, all to his injury and damage.

WHEREFORE, Plaintiff Lukas Henderson prays judgment against the above-named Defendants in an amount to be determined as reasonable compensation for all injuries and damages he has suffered, together with his costs and disbursements herein incurred, and for such other and further relief as the Court may deem just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY A JURY**

Dated: June 9, 2021  **HUNEGS, LeNEAVE & KVAS, P.A.**

*/s/ Randal W. LeNeave*
Randal W. LeNeave, WI Bar #1087683
Paul Banker WI Bar #1097390
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
Telephone: (612) 339-4511
rleneave@hlklaw.com
pbanker@hlklaw.com

ATTORNEYS FOR PLAINTIFF