IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LUKAS HENDERSON,

                      Plaintiff,                    OPINION and ORDER

v.

                                                  21-cv-384-wmc

UNION PACIFIC RAILROAD COMPANY,
PROFESSIONAL TRANSPORTATION, INC.,
and COVENANT TRANSPORTATION GROUP, INC.,

                    Defendants.

Plaintiff Lukas Henderson was severely injured in a motor vehicle accident while working as a conductor for defendant Union Pacific Railroad. At the time of the accident, Henderson was being transported in a van operated by defendant Professional Transportation, Inc. (PTI), which provides rides to Union Pacific employees pursuant to a contract. Tragically, the van struck an overturned semitrailer operated by defendant Covenant Transportation Group, Inc. In this lawsuit, Henderson brings negligence claims against Union Pacific Railroad under the Federal Employers' Liability Act (FELA), as well as negligence claims against PTI and Covenant under Wisconsin law. Union Pacific and PTI has also filed crossclaims for negligence against Covenant.

Shortly after the lawsuit was filed, Henderson and Covenant entered into an agreement titled "Confidential *Pierringer* Release and Settlement Agreement." (Dkt. #75.) Among other things, the Agreement states that: (1) Henderson and Covenant resolved all of Henderson's claims against Covenant; (2) Henderson retained its claims against Union Pacific and PTI; (3) Covenant would seek dismissal of Union Pacific and PTI's cross-claims against Covenant; and (4) Henderson would assume responsibility to "pay and satisfy all

claims and demands determined to be the responsibility of [Covenant]," including satisfying claims for contribution against Covenant by Union Pacific and PTI. (Id. at ¶ 6.) Citing the *Pierringer* release, Covenant then moved for summary judgment on Henderson's claims against it, as well as dismissal of Union Pacific's and PTI's crossclaims, contending that the release resolves all claims asserted against it in this case. (Dkt. #69.)

The court held a hearing by video on November 1, 2022, to address the questions raised by Covenant's motion and the applicability of a *Pierringer* release to plaintiff's FELA claim. In particular, the court noted that joint and several liability is the traditional rule in FELA cases, and juries do not consider the contributory negligence of various tortfeasors under *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 163 (2003). Thus, so long as the railroad's negligence was a cause of the employee's injury, the employee is not required to sue all potential tortfeasors and may instead recover the full amount of his or her damages from the railroad. *Id.* at 141. However, the Supreme Court in *Ayers* also noted that a railroad may seek contribution from other tortfeasors, as Union Pacific has done in this case. *See id.* at 141 ("railroad [has] the burden of seeking contribution from other tortfeasors"), 162 (noting that numerous courts have recognized that "FELA defendants may bring indemnification and contribution actions against third parties under otherwise applicable state or federal law").

The question discussed at today's hearing was whether Henderson and Covenant's *Pierringer* agreement conflicted with the decision in *Ayers*; and specifically, as is typical for *Pierringer* agreements, would the jury be required to consider and apportion fault between the settling and nonsettling defendants. *See VanCleve v. City of Marinette*, 2003 WI 2, ¶¶

38, 40, 258 Wis. 2d 80, 99, 655 N.W.2d 113, 123 (in a valid *Pierringer* release, "the causal, comparative and contributory negligence of all the relevant parties is determined by the jury," and the settlement "impute[s] to the settling plaintiff whatever liability in contribution the settling defendant may have to nonsettling defendants") (citing *Pierringer v. Milwaukee Gas Light Co.*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963)).[1]

Union Pacific cited the Seventh Circuit's decision in *Schadel v. Iowa Interstate R.R.*, 381 F.3d 671, 678 (7th Cir. 2004), a case in which a railroad employee sued his railroad employer under FELA, as well as a third-party motorist under state negligence law. The railroad cross-claimed against the motorist for contribution and indemnification. After railroad employee settled with the motorist and her insurance carrier for $100,000, the district court approved the settlement agreement under Illinois law, dismissed the motorist from the case, and dismissed the railroad's crossclaims for contribution and indemnity. At the jury trial on the remaining FELA claims, the court further precluded the jury from considering the motorist's role in the accident. The jury ultimately awarded $450,000, and as between the railroad and the employee found each to be 50% responsible, then under Illinois law, reduced his overall recovery to $225,000. The court further reduced that number to $125,000, to account for the $100,000 settlement previously obtained from the motorist.

The railroad appealed, arguing that the court applied the wrong methodologies to

---

[1] In *Pierringer*, the Wisconsin Supreme Court held that a settling tort-feasor in a multi-defendant case may be released from all future liability and could not be made a party-defendant in any action brought against the non-settling tort-feasors. *Pierringer*, 21 Wis. 2d at 191–192, 124 N.W.2d at 111–112. Further, a *Pierringer* release limits the plaintiff's recovery to the unsatisfied portion of the damages; that is, the portion attributable to the non-settling tort-feasors. *Id.*

3

the allocation of damages. *Id.* at 674. The court of appeals affirmed, holding that because FELA liability is joint and severable, the railroad was responsible for the full amount of the employee's injuries. *Id.* at 678. Because only the FELA claim remained, the court also found no error in the district court declining to permit the jury to consider the contributory negligence of the motorist who was no longer in the case. In so holding, however, the court of appeals noted that the railroad failed to appeal the district court's decision to dismiss its crossclaims for contribution and indemnity against the motorist, so it was expressly *not* deciding whether that dismissal was appropriate. Indeed, the court noted that "permitting contribution or indemnity would have the effect of ultimately allocating responsibility accurately." *Id.*

Thus, Union Pacific has raised concern that if this court accepted Henderson and Covenant's *Pierringer* settlement here, then under *Schadel*, the court would dismiss Union Pacific's contribution claim and apply a similar *pro tanto* reduction to Henderson's damage award against Union Pacific, rather than reducing its liability by the amount of contribution or indemnify owed by Covenant for its percent liability now being assumed by Henderson.

However, as the court of appeals explained and this court repeated at yesterday's hearing, *Schadel* did not resolve the issue presented in this case, because the Seventh Circuit was not presented with the question of how the district court *should* have handled the railroad's contribution claim against a defendant released under a *Pierringer*. In response to Union Pacific's concerns, however, Henderson's counsel stated on the record, repeatedly, that Henderson was agreeing: (1) the *Pierringer* settlement and release would

4

require the jury to apportion fault among himself, Union Pacific, PTI and Covenant, so long as Union Pacific submitted evidence at trial from which a jury *could* find that each party was a direct cause of Henderson's injuries, including Covenant; and (2) Henderson's damages would be reduced by any amount of fault apportioned to Covenant by virtue of his undertaking to hold Covenant free from any obligation to contribute to Union Pacific and PTI damages for its casual negligence. With those assurances from Henderson's counsel, and with Union Pacific unable to identify any other persuasive objection to full enforcement of the *Pierringer* release, the court found that release would not violate FELA, nor prejudice Union Pacific. Accordingly, the court will accept the *Pierringer* release, grant Covenant's motion for summary judgment, and dismiss Covenant as a party to this case.

## ORDER

IT IS ORDERED that:

1. Covenant Transportation Group, Inc.'s motion for summary judgment (dkt. #69) is GRANTED.//
2. Covenant's request for costs and fees in bringing its motion is DENIED.
3. Covenant Transportation Group is DISMISSED from this case.

Entered this 2nd day of November, 2022.

                                                     BY THE COURT:

                                                    /s/

                                                    _____
                                                   WILLIAM M. CONLEY
                                                   District Judge