IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUKAS HENDERSON,

                Plaintiff,                              OPINION and ORDER

v.

                                                          21-cv-384-wmc

UNION PACIFIC RAILROAD COMPANY and
PROFESSIONAL TRANSPORTATION, INC.,

                Defendants.

---

Plaintiff Lukas Henderson was severely injured in a motor vehicle accident while working as a conductor for defendant Union Pacific Railroad. At the time of the accident, Henderson was a passenger in a van operated by defendant Professional Transportation, Inc. (PTI), which had been contracted by Union Pacific to provide rides to its employees. Sadly, PTI's van struck an overturned semitrailer operated by Covenant Transportation Group, Inc.

Henderson later brought negligence claims against Union Pacific Railroad under the Federal Employers' Liability Act (FELA), as well as negligence claims against PTI under Wisconsin law.[1] Henderson now moves for partial summary judgment against Union Pacific, seeking a finding of liability on his FELA claim. (Dkt. #79.) However, that motion must be denied because there are genuine disputes of material fact regarding whether any negligence by Union Pacific was a cause of Henderson's injuries.

---

[1] Henderson also filed a negligence claim against Covenant, and Union Pacific and PTI filed crossclaims for negligence against Covenant. However, all claims against Covenant were dismissed after Henderson and Covenant entered into a *Pierringer* release. (*See* Op. & Order (dkt. #113) (accepting *Pierringer* settlement and dismissing claims against Covenant).) As a result, the jury will still be asked at trial to apportion fault among Union Pacific, PTI and Covenant.

UNDISPUTED FACTS

In the very early morning of June 17, 2018, plaintiff Lukas Henderson and a coworker were picked up by a PTI driver for transport to a Union Pacific job site in Altoona, Wisconsin. At approximately 3:00 a.m., the PTI van was traveling west on Interstate 94 in the right lane toward Altoona. As the van approached a vehicle driving slowly with its hazard lights flashing in the same lane, the PTI driver moved to the left lane to pass the vehicle. Shortly thereafter, the van driven by the PTI driver struck an overturned semi-truck that was blocking *both* west-bound lanes.

According to the PTI driver, he did not see the semi-truck until shortly before the collision. Video footage from the PTI vehicle shows that the driver did not slow his vehicle until 0.75 seconds before impact with the overturned semi. Plaintiff Henderson was injured during the crash and taken to a hospital for treatment. Union Pacific concedes that the PTI driver was acting as an agent for Union Pacific at the time of the accident, and that Union Pacific is responsible for any negligent acts of PTI's driver.

OPINION

FELA has the same elements as a negligence claim—duty, breach, causation, and damages—but "the quantum of evidence required to establish liability in a FELA case is much less than in an ordinary negligence action." *Harbin v. Burlington N. R.R. Co.*, 921 F.2d 129, 131 (7th Cir. 1990). Specifically, the causation requirement is met if "employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957). This

is considered consistent with an employer's duty under that statute to keep the workplace "reasonably safe." *Abernathy v. E. Illinois R.R. Co.*, 940 F.3d 982, 988 (7th Cir. 2019).

Henderson contends that his injuries were caused, at least in part, by the negligence of the PTI driver, and thus, by Union Pacific. Union Pacific responds that there are genuine disputes of material fact as to negligence and causation, pointing to the expert report of Laura Wojcik, a mechanical engineer, who opined that the PTI driver could not have stopped his vehicle in time to avoid the crash under the circumstances. (Dkt. #86-1.) Henderson disagrees, arguing that the PTI driver should have slowed down when he saw a vehicle traveling in the right lane with its hazard lights activated. Moreover, he argues that the driver acted negligently by attempting to pass that vehicle and failing to slow his vehicle until approximately 0.75 seconds before the crash.

Henderson cites no legal authority to support his argument that the PTI driver was *per se* negligent for failing to slow down immediately upon seeing a vehicle with hazard lights.[2] Instead, Henderson's argument relies solely on concessions that Union Pacific made in answering the complaint. In particular, Henderson argues that Union Pacific conceded in its answer that PTI operated the vehicle negligently, making Union Pacific responsible for the PTI driver's negligent actions. But Henderson is incorrect.

To be fair, Union Pacific admits in its answer that it "breached its FELA duty to provide Plaintiff with a reasonably safe place to work." (Union Pac.'s Ans. (dkt. #65)

---

[2] A brief search for relevant authority shows that under Wisconsin law, drivers are required to *either* slow down or move over when they approach a stopped emergency or roadside service vehicle with flashing lights. *See* Wis. Stat. § 346.072. It is not clear whether this statute would apply here, as Henderson has not alleged that the slowing vehicle was a "stopped emergency or roadside service vehicle," but even if it were, the act of moving over to an adjacent lane would appear to put the PTI driver in compliance with that statutory provision.

¶ 18.) However, Union Pacific did not admit to any specific acts of negligence, nor explained how it failed to provide Henderson with a safe workplace. Rather, in responding to Henderson's allegations that Union Pacific and PTI were negligent in various, specific ways, Union Pacific expressly denied that it was negligent in those ways, **including** in "[f]ailing to exercise reasonable care while operating the van transporting Plaintiff" and "failing to keep[] proper control of the vehicle and follow[] the rules of the road." (*Id.*) Union Pacific also expressly denies that "its negligence caused in whole or in part Plaintiff's alleged injuries and damages and it denies the nature and extent of Plaintiff's alleged injuries and damages." (*Id.*) Thus, Union Pacific's statements in its answer are not sufficient to prove Henderson's negligence claim, and the issues of negligence, causation and damages must be decided by the jury.[3]

ORDER

IT IS ORDERED that plaintiff Lukas Henderson's motion for partial summary judgment (dkt. #79) is DENIED.

Entered this 8th day of December 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[3] Even if this were not so, little would be gained is directing a finding of some negligence, causation and damages, as the jury will be required to allocate responsibility for injury by virtue of plaintiff's entering into a *Pierringer* release with Covenant (owner of the overturned semi) as previously agreed to by all parties.